# In the United States Court of Federal Claims

No. 18-210T
(Filed: July 24, 2019)
NOT FOR PUBLICATION

```
*************************************
GLADYNE K. MITCHELL,              *
                                  *
            Plaintiff,            *
                                  *   IRS Internal Workpaper Form 400-1.1;
      v.                          *   Failure to Timely Serve Discovery
                                  *   Requests
THE UNITED STATES,                *
                                  *
            Defendant.            *
*************************************
```

## **ORDER**

On February 28, 2019, the court issued a scheduling order in the above-captioned case setting June 13, 2019, as the close of fact discovery. Currently before the court is plaintiff's motion to extend discovery, filed on June 10, 2019. Plaintiff indicates that an issue of privilege has arisen regarding a document that plaintiff seeks from defendant. Pl.'s Mot. 2. Accordingly, plaintiff requests the extension to permit defendant to respond to plaintiff's second set of interrogatories and second request for production of documents ("second set of discovery requests"), which plaintiff served upon defendant concurrently with the filing of the instant motion, and to allow for plaintiff to depose an Internal Revenue Service ("IRS") agent who did not appear on either party's witness list. Id. Plaintiff moves for an indefinite extension pending defendant's response to its second set of discovery requests. Id. at 4.

Specifically, plaintiff seeks production of an IRS internal workpaper, Form 400-1.1, id. at 2, which defendant asserts is privileged as a "deliberative process document," Def.'s Resp. 2, 5. Plaintiff claims that it needs this document to determine whether the IRS obtained proper managerial approval before assessing the Report of Foreign Bank and Financial Accounts ("FBAR") penalties that are at the center of this discovery dispute. Pl.'s Mot 1. Plaintiff avers that such approval is mandated by IRS procedures as set forth in the Internal Revenue Manual ("IRM"). Id. at 1-2. Plaintiff seeks Form 400-1.1 under the theory that, if the decision to assess FBAR penalties did not receive written approval by a manager in accordance with the IRM, the decision may be erroneous or illegal. Id. at 3-4. Defendant counters that the IRM does not carry the force of law and is not binding on the IRS, and therefore compliance with the IRM is not grounds for challenging the validity of an assessment of FBAR penalties. Def.'s Resp. 3-4. Defendant also argues that the IRS Letter 3709, which is the IRS's official notification to taxpayers of a proposed assessment of FBAR penalties, is the "decisional document" with respect to the penalties. Id. at 2-3.

In addition, plaintiff argues that an enlargement of the discovery schedule is needed for a second reason. Plaintiff explains that during informal discussions with defendant, plaintiff learned that defendant did not intend to call at trial a witness that plaintiff had expected defendant would call—the IRS agent who ostensibly completed the Form 400-1.1. Pl.'s Mot 3. Seeking to obtain evidence that plaintiff believes she will need at trial—specifically, the testimony of revenue agent Robert Litarowsky that plaintiff intended to adduce on cross examination—plaintiff served a second set of discovery requests three days prior to the close of discovery. Plaintiff's second discovery request carried a July 10, 2019 response deadline, well beyond the June 13, 2019 close of fact discovery. Id. at 2. Defendant challenges plaintiff's proposed extension of discovery as lacking good cause, id. at 4-5, and argues that an enlargement should not be approved "to assist development of a new legal theory not raised until now," id. at 4.

The discovery issues arising in this case result from certain assumptions and strategic decisions made by plaintiff. There is no dispute that plaintiff carries the burden of prosecuting her case. As the United States Supreme Court has explained, "the ordinary default rule [is] that plaintiffs bear the risk of failing to prove their claims." Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56 (2005). It is axiomatic that a plaintiff cannot rely on an opposing party to produce at trial witnesses needed for her own case in chief.

The court turns first to the rationale plaintiff proffers for seeking the Form 400-1.1. Plaintiff contends that defendant argues that supervisory approval is not necessary to impose FBAR penalties. See Pl.'s Reply 7. However, plaintiff misstates defendant's position; defendant argues that compliance with the IRM, in this instance, a Form 400-1.1 bearing a signature, is not relevant to the validity of the FBAR penalties. See Def.'s Resp. 3-4. Defendant explains that the purpose for which plaintiff seeks the document, to determine whether the FBAR penalties were properly assessed, was satisfied through the IRS Letter 3709, which (1) contains a manager's signature and (2) defendant already provided to plaintiff. Id. at 2. The court agrees. Case law makes clear that "it is beyond cavil that the IRM does not have the force of law." Eaglehawk Carbon, Inc. v. United States, 122 Fed. Cl. 209, 221 (2015); accord Fargo v. Comm'r, 447 F.3d 706, 713 (9th Cir. 2006) ("The Internal Revenue Manual does not have the force of law and does not confer rights on taxpayers."); Valen Mfg. Co. v. United States, 90 F.3d 1190, 1194 (6th Cir. 1996) ("The provisions of the manual, however, only 'govern the internal affairs of the Internal Revenue Service. They do not have the force and effect of law.'" (quoting United States v. Horne, 714 F.2d 206, 207 (1st Cir. 1983))); Marks v. Comm'r, 947 F.2d 983, 986 n.1 (D.C. Cir. 1991) ("It is well-settled . . . that the provisions of the [IRM] are directory rather than mandatory, are not codified regulations, and clearly do not have the force and effect of law."). Plaintiff therefore cannot rely on the IRM to establish whether the assessment of FBAR penalties was proper. In addition, the Form 400-1.1, as an internal work paper, is a "predecisional document." Predecisional activities include the creation of opinions and recommendations that support a finding of deliberative process privilege. See Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) ("[D]eliberative process covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975))). "In order for a document to be protected from discovery by the deliberative process privilege, it must be both 'pre-decisional' and 'deliberative.'" Deseret Mgmt. Corp. v. United States, 76 Fed. Cl. 88, 95 (2007) (quoting Jade Trading, LLC v. United

States, 65 Fed. Cl. 487, 493 (2005)). Therefore, unlike a predecisional document, a decisional document is not covered by the deliberative process privilege. The decisional document in this case is the IRS Letter 3709, which was received by plaintiff on August 15, 2014, and formed part of the predicate to this lawsuit. Compl. ¶ 11. Accordingly, defendant is not required to provide the Form 400-1.1 to plaintiff. Nevertheless, defendant voluntarily provided a redacted copy of the form prior to this ruling.

Plaintiff's request must be denied for another important reason. Rule 16(b)(3) of the Rules of the United States Court of Federal Claims ("RCFC") does not permit parties to serve interrogatories, requests for production, or notices of deposition that cannot be completed within the established discovery schedule. See RCFC 16(b)(3) ("The scheduling order must limit the time to . . . complete discovery . . . ."). As explained previously, plaintiff served its second set of discovery requests a mere three days before the close of discovery. The court will not disregard its own rules, especially where prejudice would arise and time and costs would be wasted. Indeed, courts are well within their authority to require parties to adhere to discovery scheduling orders. See Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court."); White Mountain Apache Tribe of Ariz. v. United States, 4 Cl. Ct. 575, 583 (1984) ("It is axiomatic that a trial court has broad discretion to fashion discovery orders . . . ."); see also Schism v. United States, 316 F.3d 1259, 1300 (Fed. Cir. 2002) ("A trial court 'has wide discretion in setting the limits of discovery.'" (quoting Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991))). Because plaintiff submitted requests that could not have been reasonably completed prior to the close of discovery, the court determines that defendant is not required to comply with plaintiff's second set of discovery requests.

For these reasons, plaintiff's motion to extend discovery is **DENIED**. The parties shall file a joint status report suggesting a schedule for further proceedings **no later than Wednesday, August 21, 2019**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge